No. 25-1085

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

_____

DMARCIAN, INC.,
*Plaintiff-Appellee,*

v.

PRESSLY MCCAULEY MILLEN,
*Party-in-Interest/Appellant*

and

DMARC ADVISOR, BV
*Defendant-Appellant*

On Appeal from the United States District Court for the
Western District of North Carolina, No. 1:21-cv-00067-MR

_____

**PLAINTIFF-APPELLEE DMARCIAN, INC'S MOTION TO DISMISS THE
APPEAL OF PARTY-IN-INTEREST PRESSLY McCAULEY MILLEN
FOR LACK OF APPELLATE JURISDICTION**

Plaintiff-Appellee dmarcian, Inc. ("dmarcian" or "Plaintiff") respectfully

moves the Court pursuant to Federal Rule of Appellate Procedure 27 to dismiss

Pressly Millen's appeal of an interlocutory order for lack of appellate jurisdiction,

specifically: the Order entered on December 20, 2024 finding Mr. Millen in

contempt of an order entered on June 27, 2023. A copy of the June 27, 2023 Order

(ECF No. 216) is attached hereto as **Exhibit A** and a copy of the December 20, 2024 Order (ECF No. 401) is attached hereto as **Exhibit B.** Defendant-Appellant DMARC Advisor BV ("DMARC Advisor" or "Defendant") has separately appealed both of these orders. (Appeal No. 23-1790; Appeal No. 25-1084).

Plaintiff has moved to dismiss the Defendant's appeal of the June 27, 2023 Order. (Appeal 23-1790). Mr. Millen did not appeal from that order. Plaintiff has also filed a motion to dismiss Defendant's appeal of the December 20, 2024 Order finding Defendant in contempt. (Appeal No. 25-1084).

Plaintiff's counsel conferred with Mr. Millen's counsel in advance of this motion to dismiss the foregoing appeals. Mr. Millen does not consent to the dismissal and intends to file an opposition.

## I.    Background

As discussed in the June 27, 2023 Order, in late 2019, a dispute arose between dmarcian and DMARC Advisor over the ownership, licensing, and distribution of certain computer code. (**Exh A,** ECF No. 216 at 1). The dispute between dmarcian and DMARC Advisor involves parallel litigation both in the United States and in the Netherlands. *See id.* at 1-13. Dmarcian moved the Dutch Court to stay its proceedings in favor of the U.S. litigation ("NCWD case") on the grounds that the NCWD case was first-filed and the two proceedings concern the same subject matter. *Id.* at 7-13.

The district court found that the Defendant and its counsel misrepresented the status of the NCWD case to the Dutch Court when opposing dmarcian's motion for a stay by:

a.  falsely asserting in pleading notes filed by Defendant's Dutch counsel that the NCWD case did not commence until 22 May 2022 (after the case in the Netherlands commenced on 11 October 2021), when in fact the NCWD complaint was filed on 12 March 2021;

b.  falsely asserting in Mr. Millen's affidavit submitted to the Dutch Court that the NCWD case "pleads only violation of U.S. copyright and trademark law" which could not resolve infringement under foreign law; and,

c.  falsely asserting that determinations to be made by the NCWD "do not concern the same subject matter as the subject matter before the Dutch Court" because the subject matter of the NCWD case "is alleged infringement of intellectual property within the U.S." (**Exh. A**, ECF No. 216 at 7-10).

Following those submissions, the Dutch Court denied dmarcian's motion for a stay, finding that the Dutch proceedings were the first case on the merits and that the NCWD case would not have res judicata effect. *Id.* at 11-12.

The district court found that the Defendant's and its counsel's representations were "significant and material misrepresentations" which "created a risk of inconsistent, conflicting and erroneous judgments which will neutralize or negate this Court's findings." *Id.* at 20-24. In fashioning a remedy, the court rejected Plaintiff's request for an anti-suit injunction based on these misrepresentations. *Id.* at 19. Instead, the court required Defendant and its counsel to correct their misrepresentations by submitting a copy of the Order to the Dutch Court **and** requiring Defendant's counsel to submit a four-paragraph statement to correct the record with the Dutch Court by July 5, 2023. *Id.* at 23-24.

Defendant submitted the District Court's order to the Dutch Court by July 5, 2023, but did not submit the requisite separate statement to the Dutch Court. (**Exh. B**¸ ECF No. 401 at 18). At the July 7, 2023 hearing before the Dutch Court and in subsequent filings, despite the express findings of the District Court to the contrary in the June 23, 2024 Order, the ***Defendant continued to argue that the Dutch case was the first-filed case on the merits***.[1] *Id.* Defendant (not Mr. Millen) appealed the

---

[1] As the District Court noted in its order, there were earlier preliminary relief proceedings in the Netherlands, but unlike cases filed in the U.S., those proceedings are separate from a case on the merits. The issue before the Dutch Court in considering a stay was whether the March 12, 2021 Complaint in the NCWD case or the October 11, 2021 case in the Netherlands was the first filed. (**Exh. A, Doc. 215 at pp. 20-21).**

June 27, 2023 Order on July 27, 2023, but neither Defendant nor Mr. Millen moved for a stay of any of its provisions.

On September 14, 2023, Plaintiff moved to show cause for the failure of Defendant and its counsel to fully comply with the June 27, 2023 Order. *Id.* at 18. On May 1, 2024, the court ordered Defendant—and both its Dutch and US counsel— to show cause why a finding of civil contempt and sanctions, including reasonable attorneys' fees, was not warranted. *Id.* Following a show cause hearing, the court entered an order finding Defendant and Mr. Millen to be in contempt, ordering monetary sanctions against Defendant and disqualifying Mr. Millen from practice before the NCWD bar during the pendency of the case absent a purging of contempt by making the required statement. *Id.* at 18-19, 28-29.

The docketing statement filed by Mr. Millen asserts that there is appellate jurisdiction over the December 20, 2024 Order under: Section 28 U.S.C. § 1291 governing appeals from final decisions of district courts; 28 U.S.C. § 158(d)(1) which provides for appeals from "final decisions, judgment, orders, and decrees" entered by a district court on appeals from certain orders entered by bankruptcy judges; Section 1292(a)(1) allowing appeals of orders granting, denying or modifying injunctive relief; the collateral order doctrine; and pendent appellate jurisdiction. (Appeal 25-1085, ECF 11 at 1). For the reasons discussed below, none of these are grounds for an immediate appeal of the December 20, 2024 Order.

## II.    Argument

### A.    Legal Principles

"Generally, a party may only appeal an order that is final, that is, nothing remains for the district court to do except execute the judgment." *United States ex rel. Lutz v. United States*, 853 F.3d 131, 136 (4th Cir. 2017)).  There are limited exceptions:

**Injunctions.**  One exception allows interlocutory appeals of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."  28 U.S.C. § 1292(a)(1); *Lutz*, 853 F.3d at 137.  "An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279, 108 S. Ct. 1133, 1138, 99 L. Ed. 2d 296 (1988) (holding that orders granting or denying stays on equitable grounds due to other pending litigation are not immediately appealable).  The exception allowing an interlocutory appeal under §1292(a)(1) is a narrow one which the Supreme Court has directed must be approached "somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders." *Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 24 (1966).  Orders that relate only to pretrial procedures as opposed to the merits of the claims are not the kind of interlocutory orders

warranting immediate appeal under § 1292(a)(1). *Id.* at 25; *see also, Gardner v. Westinghouse Broad. Co.,* 437 U.S. 478, 482 (1978).

Moreover, when an order is not expressly denominated as an injunction, the Court must further assess whether the Order has the "practical effect" of granting an injunctions. *Midgett, Tr. of Hardcastle Remainder Annuity Tr. Dated Aug. 6, 2007 v. Hardcastle,* No. 21-2018, 2023 WL 3884113, at *2 (4th Cir. June 8, 2023). In that event, under *Carson v. American Brands, Inc.,* 450 U.S. 79 (1981), the appellant must make an additional showing that the order: "(1) may have a 'serious, perhaps irreparable consequence' and (2) can only be 'effectually challenged' through immediate appeal," rather than upon final judgment.' *Selective Ins. Co. of Am. v. Westfield Ins. Co.,* 73 F.4th 239, 243 (4th Cir. 2023) (order holding that insurer had a duty to defend, even if injunctive in nature, did not "presently produce any immediate or pressing event" and therefore was not immediately appealable under 28 U.S.C. § 1292(a)(1)).

A party's delay in seeking relief is appropriate for the court to consider in evaluating whether immediate appeal is required based on a "serious, perhaps irreparable, consequence" and in evaluating whether the decision can be effectively challenged only by immediate appeal. *Id. Salazar ex rel. Salazar v. D.C.,* 671 F.3d 1258, 1265-66 (D.C. Cir. 2012) (dismissing for lack of appellate jurisdiction where defendant claimed that a judicial order improperly restrained its freedom of action

in administering a program but waited seven years to bring a motion to terminate and then engaged in tactics to avoid discovery during the pendency of the appeal which otherwise could have led to a resolution).  Cost and delay associated with litigation also does not suffice to show irreparable harm.  *Id.*

**Collateral Order Doctrine.**  Under the collateral order doctrine, review of an interlocutory order may be allowed for "a small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Dickens v. Aetna Life Ins. Co.,* 677 F.3d 228, 233 (4th Cir. 2012) (citation omitted). The collateral order doctrine is a narrow exception applying to "only a very few types of interlocutory orders" that "meet 'stringent' conditions."  *S.C. State Bd. of Dentistry v. F.T.C.,* 455 F.3d 436, 441 (4th Cir. 2006).

"To qualify as a collateral order under § 1291, a district court decision must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Dickens*, 677 F.3d at 232-233.  All three parts of the test (referred to as the *Cohen* test") must be satisfied to render the interlocutory decision immediately appealable as a collateral order.  *Id.* at 233.

Under the second part of the *Cohen* test, "issues raised in an interlocutory appeal need not be identical to those to be determined on the merits to fail under [the second] requirement; only a *threat* of substantial duplication of judicial decision making is necessary." *Dickens*, 677 F.3d at 233. When the appellate court might be required to "consider issues intertwined with—though not identical to—the ultimate merits inquiry," review is not permitted under the collateral order doctrine. *S.C. State Bd. of Dentistry v. F.T.C.,* 455 F.3d 436, 441–42 (4th Cir. 2006); *see also, Cunningham v. Hamilton County,* 527 U.S. 198, 205 (1999) (holding sanctions order not sufficiently "collateral" because an interlocutory appeal of that order "may require the reviewing court to inquire into the importance of the information sought or the adequacy or truthfulness of a response"); *Van Cauwenberghe v. Biard,* 486 U.S. 517, 528 (1988) (holding an order refusing to dismiss on *forum non conveniens* grounds not "collateral" because its immediate consideration could require a court to "scrutinize the substance of the dispute between the parties to evaluate what proof is required").

The third part of the *Cohen* test considers the question of when an order is "effectively unreviewable." The order under consideration "must protect an interest that would be "essentially *destroyed* if its vindication must be postponed until trial is completed." *S.C. State Bd. of Dentistry,* 455 F.3d at 443 (emphasis in original). This typically relates to questions of absolute or qualified immunity, sovereign

immunity, and the Double Jeopardy Clause. *See, S.C. State Bd. of Dentistry,* 455 F.3d at 444 (citing *Will v. Hallock,* 546 U.S. 345 (2006)). "In each case, some particular value of a high order was marshaled in support of the interest in avoiding trial: honoring the separation of powers, preserving the efficiency of government and the initiative of its officials, respecting a State's dignitary interests, and mitigating the government's advantage over the individual." *Will,* 546 U.S. at 352–53. The court considers not just whether the harm is "irrevocable," but also engages in a "judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement"—i.e., an assessment of whether a sufficiently important interest would be imperiled by our refusal to provide an immediate appellate review." *Cobra Nat. Res., LLC v. Fed. Mine Safety & Health Rev. Comm'n,* 742 F.3d 82, 90–91 (4th Cir. 2014).

**Pendent Appellate Jurisdiction.** When an appellate court has jurisdiction over an interlocutory ruling by the district court, pendent appellate jurisdiction allows consideration of another district court ruling in the same case that is not independently appealable "when the issue is 'so interconnected' with an issue properly before us as to 'warrant concurrent review.'' *Elegant Massage, LLC v. State Farm Mut. Auto. Ins. Co.,* 95 F.4th 181, 188 (4th Cir. 2024) (citations omitted). The Court exercises such jurisdiction "sparingly" and only when either:

(1) "an issue is 'inextricably intertwined' with a question that is the proper subject of an immediate appeal," or (2) "review of a

jurisdictionally insufficient issue is 'necessary to ensure meaningful review' of an immediately appealable issue." Under the first test stated above, separate rulings are "inextricably intertwined" when "the same specific question will underlie both the appealable and the non-appealable order, such that resolution of the question will necessarily resolve the appeals from both orders at once."… Under the second test, review of a pendent issue will be necessary to ensure meaningful review of an immediately appealable issue "if resolution of the pendent issue is necessary, or essential in resolving the immediately appealable issue."

*Id.*

## B.    Argument

### 1.    The December 20, 2024 Order finding contempt is not a final order.

Mr. Millen's docketing statement asserts that the December 20, 2024 is a final order under 28 U.S.C. §1291.  (Appeal 25-1085, ECF No. 11 at 1).  However, a contempt order is not a final order, and a party must await the conclusion of the order to appeal.  *In re Bestwall, LLC,* 99 F.4th 679, 684 (4th Cir. 2024).  An order disqualifying counsel also is not a final judgment on the merits.  *Richardson-Merrell, Inc. v. Koller,* 472 U.S. 424, 430 (1985)   When sanctions are issued jointly to client and counsel, the interests are aligned in such a way that the attorney must await conclusion of the case before appealing even if the attorney otherwise would have had the right to an immediate appeal if the sanctions had been issued to him alone. *Bestwall*, 99 F.4th at 684. *See also, Howard v. Mail-Well Envelope Co.,* 90 F.3d 433, 437 (10th Cir. 1996) (holding that a decision disqualifying counsel is not a final

11

order under § 1291 that would permit appeal by the disqualified attorney while the action was still pending against the client).

**2.   The December 20, 2024 Order is not an order governed by 28 U.S.C. § 158(d)(1).**

Mr. Millen's docketing statement asserts that the Order is immediately appealable under 28 U.S.C. § 158(d)(1).  (Appeal 25-1085, ECF No. 11 at 1).  A District Court acts as an appellate court in reviewing decisions by bankruptcy courts, and a final decision by the District Court on such an appeal is subject to appeal to the Court of Appeal.  28 U.S.C. § 158(d)(1).  This statute has no application to the instant case and does not provide a basis for appeal.

**3.   The December 20, 2024 Order is not an injunction.**

Mr. Millen's docketing statement indicates that he appeals the December 20, 2024 Order under 28 U.S.C. §1292(a)(1) as an injunction.  (Appeal 25-1085, ECF No. 11 at 1).

The court's inherent authority includes the power to control admission to its bar, which is a power "incidental to all courts." *Chambers*, 501 U.S. at 43.  Pretrial procedural orders that are not on the merits are not the sort of appeal that is subject to immediate appeal under 28 U.S.C. § 1292(a)(1).  *See, Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.,* 385 U.S. 23, 24 (1966); *In re Braxton,* 258 F.3d 250, 257 (4th Cir. 2001).  Disqualification is not injunctive relief appealable under 28 U.S.C. § 1292(a)(1).  *See, Hammond v. City of Junction City, Kansas,* 84 F. App'x

57, 60 (10th Cir. 2003) (holding that an order of disqualification is not an injunction, citing *Richardson-Merrell, Inc, supra*); *Cord v. Smith*, 338 F.2d 516, 521 (9th Cir. 1964) (holding that appeal could not be taken from an order that refused to "enjoin" counsel from proceeding further with the case).

Here, Defendant's counsel was found in contempt for refusing to correct the record with the Dutch Court by making the required statements, disqualified from practice before the NCWD during the pendency of this case as a sanction for that contempt, and offered the opportunity to purge contempt by making the required statements to the Dutch Court to correct the misrepresentations that were made. The December 20, 2024 Order did not resolve the merits of any claim and did not grant any relief in the complaint. Rather, the Order aided the District Court in the management of pretrial proceedings by entering a coercive order to enforce the June 27, 2023 order which in turn sought to ensure that the status of proceedings pending before the District Court were not misrepresented in parallel foreign proceedings.

The curative action was required because those "misrepresentations create a risk of inconsistent, conflicting, and erroneous judgments which will neutralize or negate this Court's rulings." (**Exh A.,** June 27, 2023 Order at 23). Thus, it is clear that the District Court's aim was to mitigate a threat to its own judicial authority and proceedings, and that it was acting in accordance with its inherent authority to

protect the proceedings in the NCWD case from adverse consequences arising from misrepresentations about the NCWD proceedings to the Dutch Court.

Accordingly, the December 20, 2024 Order is a procedural pretrial order which is not an injunction subject to immediate appeal under 28 U.S.C. § 1292(a)(1).

### 4. This Court lacks jurisdiction over the December 20, 2024 Order under the collateral order doctrine.

Defendant's docketing statement asserts that it seeks review of the December 20, 2024 Order under the collateral order doctrine. (Appeal 25-1085, ECF 11 at 1). However, the December 20, 2024 Order fails at least the second and third parts of the collateral order doctrine, as it does not "resolve an important issue completely separate from the merits of the action", nor is it "effectively unreviewable on appeal from a final judgment."

*(a)* ***The Interlocutory Order is Intertwined with Issues Raised in the Pleadings.*** Defendant has asserted as affirmative defenses that the Dutch proceedings are res judicata as to these proceedings, asserting both issue preclusion and claim preclusion, suggesting that the foreign proceedings will determine the merits of the action pending in the NCWD. (**Exhibit C**, ECF 126, Answer to Complaint at 18, Ninth and Tenth Affirmative Defenses). Defendant has also asserted that Plaintiff is "attempting to apply United States, North Carolina or other domestic law to events alleged to have occurred abroad." (*Id.*, Sixth Defense). The December 20, 2024 contempt order addresses Mr. Millen's affidavit submitted in

the Dutch proceedings addressed the assertions that the relevant conduct occurred outside the United States and is purportedly controlled by foreign law. This overlap reflects that the issues that Mr. Millen asks this Court to review on this interlocutory order are intertwined with the case on the merits which has not yet been resolved. *See, S.C. State Bd. of Dentistry,* 455 F.3d at 441–42. Thus, the first part of the *Cohen* test fails.

(b) ***The determination is not "effectively unreviewable."*** The December 20, 2024 Order imposes monetary sanctions on Defendant and disqualifies Mr. Millen from practice before the NCWD absent purging of contempt.

The mere fact that a sanction is due in full does not satisfy the irreparable harm test justifying review under the collateral order doctrine. *Howard,* 90 F.3d at 437 (10th Cir. 1996). Nor does disqualification of one of Defendant's attorneys (absent a purging of the contempt) provide a basis for immediate appeal, as disqualification of an attorney is not the kind of order that is "effectively unreviewable."

> The decision whether to disqualify an attorney ordinarily turns on the peculiar factual situation of the case then at hand, and the order embodying such a decision will rarely, if ever, represent a final rejection of a claim of fundamental right that cannot effectively be reviewed following judgment on the merits.

*Firestone Tire & Rubber Co.,* 449 U.S. at 377 (holding that collateral order doctrine did not allow review of order denying motion to disqualify counsel). The Supreme

Court has held that an order granting a motion to disqualify counsel does not fall

under the collateral order doctrine:

> An order disqualifying counsel lacks the critical characteristics that
> make orders denying bail reduction or refusing to dismiss on double
> jeopardy or Speech or Debate grounds immediately appealable.

*Flanagan v. United States*, 465 U.S. 259, 266 (1984). The Supreme Court has

emphasized the limitations on the collateral order doctrine:

> A fully litigated case can no more be untried than the law's proverbial
> bell can be unrung, and almost every pretrial or trial order might be
> called "effectively unreviewable" in the sense that relief from error can
> never extend to rewriting history. Thus, erroneous evidentiary rulings,
> grants or denials of attorney disqualification, see, *e.g., Richardson–
> Merrell, supra,* and restrictions on the rights of intervening parties, see
> *Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 107 S.Ct.
> 1177, 94 L.Ed.2d 389 (1987), may burden litigants in ways that are only
> imperfectly reparable by appellate reversal of a final district court
> judgment…. But if immediate appellate review were available every
> such time, Congress's final decision rule would end up a pretty puny
> one, and so the mere identification of some interest that would be
> "irretrievably lost" has never sufficed to meet the third *Cohen*
> requirement.

*Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 872 (1994). Nor does a

lawyer's interest in promptly repairing his reputation or diminishing stigma resulting

from a finding of contempt warrant immediate review under the collateral order

doctrine. *Howard*, 90 F.3d 433, 437 (10th Cir. 1996).

In *Richardson-Merrell, Inc.,* 472 U.S. at 435, the Supreme Court noted the

myriad ways which provide effective remedies for review, including: seeking to

have the question certified for immediate appeal under 28 U.S.C. § 1292(b); seeking

a writ of mandamus; seeking to later challenge an unsatisfactory judgment on appeal of a final judgment against the client; or, the attorney can seek relief from the Circuit Judicial Council pursuant to 28 U.S.C. § 332(d)(1) even if the client obtains a satisfactory result. Accordingly, the December 20, 2024 Order also fails the third part of the *Cohen* test.

Review under the collateral order doctrine must therefore be denied because the request for immediate review fails under two of the three mandatory requirements under the *Cohen* test.

### 5. This Court lacks pendent appellate jurisdiction over the December 20, 2024 Order.

Mr. Millen's docketing statement asserts that there is appellate jurisdiction over the December 20, 2024 via pendent appellate jurisdiction. (Appeal No. 25-1085, ECF 9 at 1). There are three orders presently on appeal: the Defendant's June 27, 2023 Order requiring correction of the misrepresentations to the Dutch Court; the Defendant's appeal of the District Court's modification of the preliminary injunction; and the Defendant's appeal of the District Court's denial of Defendant's motion to dissolve the preliminary injunction. (Appeal No. 23-1790; Appeal No. 25-1084). Mr. Millen did not appeal any of those orders. Moreover, even if he had, none of these orders provides a basis for pendent appellate jurisdiction for Mr. Millen's appeal of the December 20, 2024 Order.

**(a)  The June 27, 2023 Order does not provide pendent jurisdiction.**

Plaintiff has separately moved to dismiss the Defendant's appeal June 27, 2023 Order on two grounds.  First, the appeal of that order should be dismissed that it is a pretrial procedural order and does not address the merits of the case, and therefore it is not the sort of appeal that is subject to immediate appeal under 28 U.S.C. § 1292(a)(1).  *See, Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.,* 385 U.S. 23, 24 (1966); *In re Braxton,* 258 F.3d 250, 257 (4th Cir. 2001).  Secondly, even if it has the "practical effect" of being an injunction, the Defendant cannot meet the additional requirements of showing that the order "may have a 'serious, perhaps irreparable consequence'" and that it "can only be 'effectually challenged' through immediate appeal, rather than upon final judgment."  *Selective Ins. Co. of Am. v. Westfield Ins. Co.,* 73 F.4th 239, 243 (4th Cir. 2023).  If the Defendant's appeal is dismissed as an interlocutory order that is not immediately appealable, then the June 27, 2023 Order likewise does not provide a basis for appeal by Mr. Millen.

**(b)  The Orders Modifying the Preliminary Injunction and denying in part Defendant's motion to dissolve the Preliminary Injunction do not provide pendent jurisdiction.**

The Defendant has also appealed the modification of the preliminary injunction and the denial of its motion to dissolve the preliminary injunction, which is immediately appealable order under 28 U.S.C. § 1292(a)(1).  **(Exh. D,** ECF No. 402, Order on Remand Sanctions and on Motion to Dissolve Injunction).  That Order

addressed modifications to the preliminary injunction following the Supreme Court's decision in *Abitron Austria GmbH v. Hetronic International, Inc.*, 600 U.S. 412 (2023) and following the District Court's dismissal of Plaintiff's copyright claim. The December 20, 2024 Order finding contempt does not present issues that are "inextricably intertwined" with the order modifying the preliminary injunction, as these orders present different questions and resolution of one does not resolve the other and, it also is not necessary to resolve the immediately appealable issues presented in the latter order. *See, Elegant Massage,* 95 F.4th at188.

Accordingly, there is no pendent jurisdiction over the December 20, 2024 Order.

**Conclusion**

For the foregoing reasons, dmarcian respectfully requests that the Court dismiss this appeal.

This the 24th day of March, 2025.

/s/ Pamela S. Duffy_____
Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Tyler C. Jameson, N.C.S.B. No. 59348
ty.jameson@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorneys for Plaintiff-*
*Appellee dmarcian, Inc.*

OF COUNSEL:

/s/ David Dorey
David Dorey, DE #5283
Blank Rome, LLP
David.dorey@BlankRome.com
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6418
*Attorney for Plaintiff -*
*Appellee dmarcian, Inc.*

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains approximately 4,369 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman.

This the 24th day of March, 2025.

/s/ Pamela S. Duffy_____
Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Tyler C. Jameson, N.C.S.B. No. 59348
ty.jameson@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193
*Attorneys for Plaintiff-*
*Appellee dmarcian, Inc.*