No. 25-1085

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

DMARCIAN, INC.,
*Plaintiff – Appellee*,

v.

PRESSLY MCCAULEY MILLEN,
*Party-in-Interest – Appellant*

and

DMARC ADVISOR BV, f/k/a Dmarcian Europe BV,
*Defendant.*

On Appeal from the United States District Court for the
Western District of North Carolina, No. 1:21-cv-00067-MR

**JOINT MOTION TO UNSEAL**

Appellant Pressly M. Millen and Appellee dmarcian Inc. jointly move to partially unseal Millen's Opening Brief (ECF No. 27) and Joint Appendix Volume 4 (ECF No. 25) for counsel of record in the case, as more fully set forth below:

1. This appeal is one of three related appeals pending before this Court: *dmarcian, Inc. v. DMARC Advisor BV*, No. 23-1790 (the lead

1

appeal); *dmarcian, Inc. v. DMARC Advisor BV*, No. 25-1084; and *dmarcian, Inc. v. Pressly Millen*, No. 25-1085 (this appeal).

2. On May 30, 2025, Mr. Millen filed his Opening Brief and Joint Appendix. ECF Nos. 24, 25, 27. Because Mr. Millen's Opening Brief and Joint Appendix Volume 4 contain information sealed by the district court, Mr. Millen filed his Opening Brief and Joint Appendix Volume 4 ex parte under seal. ECF Nos. 25, 27.

3. Specifically, the Joint Appendix Volume 4 and Mr. Millen's Opening Brief contain communications that the district court authorized DMARC Advisor's U.S. counsel to disclose under seal for in camera review in which DMARC Advisor asserts an attorney-client privilege. ECF Nos. 26, 28; *see also* JA 1311-1312. Mr. Millen described the sealed information in the certificates of confidentiality filed with the sealed documents. ECF Nos. 26, 28.

4. On June 3, 2025, this Court sealed Mr. Millen's Opening Brief and Joint Appendix Volume 4 (collectively, the "Sealed Materials") after considering Mr. Millen's certificates of confidentiality. ECF No. 30.

5. Plaintiff-Appellee dmarcian does not have access to the portion of the Joint Appendix Volume 4 which contains the Sealed

Materials, and has received a copy only of the placeholder reflecting that it was filed . ECF No. 25. The sealed volume contains a declaration from Mr. Hartzell and attached email correspondence. (JA 1697-1708).

6. Plaintiff-Appellee received a redacted copy of Mr. Millen's Opening Brief which has 76 lines of redacted argument on nine separate pages. ECF No. 29, pp. 21-25, 30-31, 50, 52.

7. Since those filings, dmarcian's counsel has contended that it requires access to the sealed and redacted materials to respond fully to the arguments in Mr. Millen's Opening Brief.

8. After conferring, Mr. Millen and dmarcian agree that dmarcian's counsel may access the sealed materials on an attorneys-eyes-only basis. These parties further agree that dmarcian's access to these materials does not constitute a waiver of the attorney-client privilege or work product doctrine and may not be used by dmarcian to claim such a waiver, including to argue for a subject-matter privilege waiver. These restrictions are intended to allow the parties to this appeal the opportunity to fully and fairly address the issues while protecting DMARC Advisor from a broader use of these materials.

9. Disclosure of such materials, particularly with the constraints agreed upon by the parties to this appeal, is consistent with the North Carolina Rules of Professional Conduct which permit disclosure of confidential information to "respond to allegations in a proceeding concerning the lawyer's representation of the client." Rule 1.6(6), North Carolina Rules of Professional Conduct. *See also*, Restatement (Third) of the L. Governing Laws. § 64 cmt. b (Am. L. Inst. 2000) (lawyer may use or disclose confidential client information when and to the extent that the lawyer reasonably believes necessary to defend the lawyer against a charge by any person that the lawyer or such associate or agent acted wrongfully in the course of representing a client.)

10. Consistent with Rule 1.6(6), Mr. Millen is entitled to present privileged information in arguments in which he is defending himself against the actions taken by the District Court in the course of representing DMARC Advisor. Disclosure to dmarcian is appropriate, subject to the agreed upon constraints set forth above, to ensure that dmarcian has a full and fair opportunity to respond to Mr. Millen's arguments.

11. Therefore, on these terms, Mr. Millen and dmarcian request that the Court unseal, for counsel of record in the case only, Mr. Millen's Opening Brief and Joint Appendix Volume 4 contained in ECF Nos. 25 and 27.

12. Mr. Millen's counsel has also conferred with counsel for DMARC ADVISOR BV. DMARC, who is not a party to this appeal, opposes disclosure of the sealed materials to dmarcian.

## CONCLUSION

Mr. Millen and dmarcian request that the Court unseal, for counsel of record in the case only, Mr. Millen's Opening Brief and Joint Appendix Volume 4 contained in ECF Nos. 25 and 27.

Dated: August 13, 2025                     Respectfully submitted,

**BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD LLP**

 /s/ David Allen
David N. Allen (NC Bar No. 9095)
505 N. Church Street
Charlotte, North Carolina 28202
(704) 755-6010
dallen@brookspierce.com

*Counsel for Appellant Pressly M. Millen*

*/s/ Pamela S. Duffy*
Pamela S. Duffy, N.C.S.B. No. 18329
pamela.duffy@elliswinters.com
Tyler C. Jameson, N.C.S.B. No. 59348
ty.jameson@elliswinters.com
Ellis & Winters LLP
PO Box 2752
Greensboro, NC 27402
Telephone: (336) 217-4193

*Attorneys for Plaintiff-Appellee dmarcian, Inc.*

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 407 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook.

Dated: August 13, 2025

/s/ David Allen
David N. Allen

*Counsel for Appellant Pressly M. Millen*